IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:24-cr-00018-MOC-WCM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| VALACHIE WENDELL HENDON | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter came before the Court on July 3, 2024 for a hearing on letters submitted by Defendant *pro se* (Docs. 16, 17) and on a Motion to Withdraw filed by defense counsel (Doc. 18). The Government was represented by Assistant United States Attorney David Thorneloe. Defendant appeared with his appointed counsel, Thomas Amburgey. During the hearing, the Court ruled on one letter submitted by Defendant and took the other matters under advisement. This order now follows.

I. Relevant Procedural Background

On April 2, 2024, a ten count Bill of Indictment was filed charging Defendant with controlled substances and firearms offenses. Doc. 1.

Defendant made his initial appearance on April 10, 2024. During that proceeding, Defendant requested that counsel be appointed for him. His request was granted and, the next day, Mr. Amburgey was assigned to represent Defendant.

1

Defendant was arraigned on April 15, 2024 and entered a plea of not guilty as to all counts. His trial was scheduled for June 3, 2024.

On May 17, 2024, a request by Defendant that the trial be continued was granted and trial was reset to August 5, 2024. Doc. 15.

On June 3, 2024, a *pro se* letter from Defendant was docketed. Doc. 16. In that letter, Defendant requested that an investigator be assigned to his case.

On June 26, 2024, a second *pro se* letter from Defendant was docketed. Doc. 17. By that letter, Defendant requested that different counsel be assigned to represent him.

Mr. Amburgey's Motion to Withdraw was filed on July 1, 2024. Doc. 18.

## II. Defendant's Request for an Investigator

Local Criminal Rule 47.1(g) reads as follows:

> Except for challenges to the effective assistance of counsel, the Court will not ordinarily entertain a motion filed by a criminal defendant who is still represented by counsel and has not formally waived the right to counsel in the presence of a judicial officer after being fully advised of the consequences of waiver. Exceptions to this general rule may be made in the discretion of the judicial officer considering the *pro se* motion.

As Defendant has been and remains represented by counsel, his request that an investigator be assigned to his case is procedurally improper.

## III. Counsel Issues

During the July 3 hearing, Mr. Amburgey requested that the Court hear from him and from Defendant in a closed proceeding. That request was

2

granted, over the Government's objection, and the Court directed that the courtroom be closed and the record be sealed. Subsequently, the courtroom was reopened and the record was unsealed.[1] The Government took no position regarding the possible change of counsel.

In evaluating the status of counsel in this matter, the Court has considered the following factors: 1) the timeliness of the request for new counsel; 2) the reasons given as to why counsel's representation should not continue; and 3) whether the conflict between Defendant and counsel is so great that it has resulted in a total lack of communication preventing an adequate defense. See United States v. Gallop, 838 F.2d 105, 108 (4th Cir. 1988); see also McCracken v. United States, No. 3:21-cv-35-RJC, 2021 WL 5018698, at *7 (W.D.N.C. Oct. 28, 2021) ("The substitution or withdrawal of counsel is discretionary and requires consideration of factors including whether a conflict between the attorney and client amounts to a breakdown in communication so great that it prevents an adequate defense.") (citations omitted).

Defendant's request for a change of counsel and the Motion to Withdraw are timely. These filings were made approximately two and one-half months

---

[1] Matters discussed during the sealed portion of the hearing are referenced in this order only to the extent they are necessary for the memorialization of the Court's ruling.

3

after Defendant's arraignment and over a month before the current trial setting of August 5, 2024. See e.g., United States v. Blackledge, 751 F.3d 188, 194 (4th Cir. 2014).

As for the other factors, this case presents a close call. "To warrant substitute counsel, a defendant must show justifiable dissatisfaction with appointed counsel.... Justifiable dissatisfaction sufficient to merit substitution of counsel includes a conflict of interest, an irreconcilable conflict, or a complete breakdown in communication between the attorney and the defendant...." United States v. Smith, 640 F.3d 580, 588 at n. 4 (4th Cir. 2011) (citations omitted).

Here, some information cuts against a change of counsel. Mr. Amburgey and Defendant have met on multiple occasions and have reviewed some of the discovery. Defendant's dissatisfaction with counsel appears to stem, at least in part, from counsel's unwillingness to pursue issues or take positions that Defendant wishes to press but that counsel does not believe are relevant or supportable. Relatedly, Mr. Amburgey advises that he believes substitute counsel would likely encounter the same issues he has faced, and Defendant acknowledges that such a situation is possible.

Other information suggests that a change of counsel is necessary. The information provided to the Court indicates that the professional relationship between counsel and Defendant deteriorated while discovery was being

reviewed and Mr. Amburey says that it has now declined to the point that he and Defendant do not currently have a functioning relationship, that he does not believe Defendant is listening to his advice, that there is no communication between them, and that he does not believe he can provide an adequate defense for Defendant. Neither Defendant nor counsel believes the relationship can be salvaged.

On balance, having reviewed Defendant's letter and the Motion to Withdraw, having heard from defense counsel and Defendant, and having personally observed their interactions in open court, the undersigned concludes that a change of counsel is warranted. United States v. Smith, 640 F.3d 580, 588 (4th Cir. 2011) (stating that the Fourth Circuit has not been concerned with the defendant's freedom of choice or with whether counsel and the defendant have a meaningful relationship but whether there has been a breakdown in attorney-client communication so great that the principal purpose of the appointment—the mounting of an adequate defense incident to a fair trial—has been frustrated).

**IT IS THEREFORE ORDERED THAT:**

1. Defendant's *pro se* request for the assignment of an investigator (Doc. 16) is **DENIED**.

2. Defendant's request for a change of counsel (Doc. 17) and Mr. Amburgey's Motion to Withdraw (Doc. 18) are **GRANTED**, Mr. Amburgey is **WITHDRAWN** as defense counsel, and the Federal Defender's Office is **DIRECTED** to assign new counsel for Defendant forthwith.

Signed: July 9, 2024

W. Carleton Metcalf
United States Magistrate Judge